```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


REONNA HARDRIDGE,
Mother and natural parent
Of minor E.M.M.F.,

                        Plaintiff,

vs.                                      Case No. 14-4012-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                        Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security finding that the minor plaintiff was no longer disabled as of June 1, 2011. Plaintiff filed her initial brief (Doc. 9). Defendant filed a motion to reverse and remand for further hearing (Doc. 12-13). Plaintiff filed a response to the motion to remand (Doc. 16), and defendant filed a reply brief (Doc. 17).

**I.  Legal standards for child disability**

The ALJ is required to apply a three-step analysis when making a determination of whether a child is disabled. In order to find that a child is disabled, the ALJ must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or

1

combination of impairments that is severe, and (3) that the child's impairment meets, medically equals, or functionally equals a listed impairment. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); 20 C.F.R. § 416.924(a) (2012 at 858).

If a child has a severe impairment which does not meet or medically equal any listing, the ALJ must decide whether the severe impairment results in limitations that functionally equal the listings. By "functionally equal the listings," the agency means that the severe impairment must be of listing level severity, i.e., it must result in marked limitations in two domains of functioning or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains to be considered are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

**II.  Should this case be reversed and remanded for further hearing, or reversed for an award of benefits?**

Defendant's motion to remand acknowledges that the ALJ erred in certain respects, and seeks to have the case reversed and remanded for further hearing to reevaluate the evidence to determine plaintiff's severe impairments, and to determine if plaintiff's impairments met, equaled or functionally equaled a

listed impairment. Defendant asserts that plaintiff fails to show that the record clearly establishes disability. Plaintiff argues that the case should be reversed and remanded for an immediate award of benefits, asserting that the evidence clearly establishes that plaintiff remained disabled after June 1, 2011. Plaintiff seeks to either deny the motion to remand, or reverse and remand for an immediate award of benefits.

On August 22, 2012, administrative law judge (ALJ) Guy E. Taylor issued a decision finding that the minor plaintiff, who had previously been found disabled as of August 31, 2007 based on his low birth weight, was no longer disabled as of June 1, 2011, and has not become disabled again since that date (R. at 13, 27). The ALJ found that plaintiff's impairments did not meet or equal a listed impairment (R. at 20), and that plaintiff's impairments did not functionally equal a listed impairment (R. at 21). Specifically, the ALJ determined that plaintiff has only a marked limitation in one category, acquiring and using information (R. at 22), but has less than a marked limitation or no significant limitation in the other five domains (R. at 23-27).

Plaintiff's brief argues that the evidence establishes that plaintiff's impairments meet or equal listed impairment 112.05(D) (intellectual disability). Plaintiff further argues that plaintiff's impairments functionally equal a listed

impairment, specifically arguing that plaintiff also has marked limitations in the domains of attending and completing tasks and in caring for himself.

When a decision of the Commissioner is reversed, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has been a long delay as a result of the defendant's erroneous disposition of the proceedings, courts can exercise their discretionary authority to remand for an immediate award of benefits. <u>Ragland v. Shalala</u>, 992 F.2d 1056, 1060 (10th Cir. 1993). The defendant is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion. <u>Sisco v. United States Dept. of Health & Human Services</u>, 10 F.3d 739, 746 (10th Cir. 1993). A key factor in remanding for further proceedings is whether it would serve a useful purpose or would merely delay the receipt of benefits. <u>Harris v. Secretary of Health & Human Services</u>, 821 F.2d 541, 545 (10th Cir. 1987). Thus, relevant factors to consider are the length of time the matter has been pending, and whether or not, given the available evidence, remand for additional fact-finding would serve any useful purpose, or would merely delay the receipt of benefits. <u>Salazar v. Barnhart</u>, 468

F.3d 615, 626 (10th Cir. 2006).  The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits.  Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

In a number of cases, the 10th Circuit has reversed the decision of the Commissioner and remanded the case for an award of benefits.  Groberg v. Astrue, 415 Fed. Appx. 65, 73 (10th Cir. Feb. 17, 2011 (given a proper analysis and evaluation of his mental impairments, there is no reasonable probability that Groberg would be denied benefits); Madron v. Astrue, 311 Fed. Appx. 170, 182 (10th Cir. Feb. 11, 2009)(giving due consideration to Ms. Madron's significant back pain, there is no reasonable probability that she would be denied benefits); Huffman v. Astrue, 290 Fed. Appx. 87, 89-90 (10th Cir. July 11, 2008)(six years have passed since claimant applied for benefits; given the lengthy delay that has occurred from the Commissioner's erroneous disposition of the matter, the court exercised its discretion to award benefits); Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006)(given the lack of evidence that she would not be disabled in the absence of drug or alcohol use, a remand would serve no useful purpose); Sisco v. U.S. Dept. of HHS, 10 F.3d 739, 746 (10th Cir. 1993)(case

pending with Secretary for 8 years; plaintiff exceeded what a claimant can legitimately be expected to prove to collect benefits; furthermore, the record revealed that the ALJ resented plaintiff's persistence, refused to take her case seriously, and at times treated her claim with indifference or disrespect); Williams v. Bowen, 844 F.2d 748, 760 (10th Cir. 1988)(the record fully supports a determination that claimant is disabled); see also Graham v. Sullivan, 794 F. Supp. 1045, 1053 (D. Kan. 1992)(Crow, J., several physicians, including treating physician, opined that plaintiff is disabled, and their opinions stand uncontroverted).

In other cases, the 10th Circuit reversed the decision of the Commissioner and remanded the case for further hearing. Hamby v. Astrue, 260 Fed. Appx. 108, 113 (10th Cir. Jan. 7, 2008)(based on the record, the court was not convinced that a remand would be an exercise in futility); Tucker v. Barnhart, 201 Fed. Appx. 617, 625 (10th Cir. Oct. 19, 2006)(even though case pending for 9 years, additional fact-finding and consideration by ALJ appropriate in the case); Miller v. Chater, 99 F.3d 972, 978 (10th Cir. 1996)(in light of use of incorrect legal framework and other errors, and because the appeals court does not reweigh the evidence, the case was remanded for further proceedings even though court acknowledged that there had already been four administrative hearings).

In five of the seven cases cited above in which the court remanded for an award of benefits, the court found that the evidence clearly established that plaintiff was disabled. By contrast, in Hamby, the court found that, based on the facts of the case, a remand would not be an exercise in futility. In Tucker, the court remanded the case for further hearing even though it had been pending for 9 years because the court found that additional fact-finding and consideration by the ALJ would be appropriate. In Miller, the court remanded the case for further hearing despite numerous errors, noting that the appeals court does not reweigh the evidence.

Plaintiff argues that the evidence establishes that plaintiff's impairments meet or equal listed impairment 112.05(D), which requires a showing that plaintiff has a valid verbal, performance, or full scale IQ score of 60-70, and a physical or other mental impairment imposing an additional and significant limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2014 at 582-583). Plaintiff relies on a mental status examination performed on May 10, 2011 by Dr. Wallingford, a licensed psychologist (R. at 281-284). Dr. Wallingford performed IQ testing on the plaintiff, and found that the minor plaintiff had a verbal IQ of 68, a performance IQ of 73 and a full scale IQ of 66 (R. at 282); Dr. Wallingford also found that plaintiff had developmental risk factors and developmental

7

delays (R. at 284).  Plaintiff takes issue with the conclusion of the ALJ that Dr. Wallingford did not comment favorably on the validity of the IQ testing, and that Dr. Wallingford did not describe the plaintiff's behavior as fully cooperative (R. at 19).  The ALJ concluded that Dr. Wallingford did not state that the results of the IQ testing was valid, and Dr. Wallingford noted reasons to suspect the claimant's behavior during testing may have influenced the results.  The ALJ also found no severe impairment that constitutes a physical or other mental impairment imposing an additional and significant limitation of functioning (R. at 20).

The ALJ found no reason to disagree with the assessments by the state agency medical consultants (R. at 18).  The first assessment, by Dr. Cohen (signed on May 23, 2011), and Dr. Siemsen (signed on June 7, 2011), concluded that "Therefore, despite IQ scores in EMR [educable mentally retarded] range, C [claimant] does not meet definition for 112.05 listing" (R. at 293).  A second assessment, by Dr. Hausheer (signed August 12, 2011) and Dr. Wilkinson (signed October 17, 2011), made an identical finding (R. at 331).

In summary, the medical opinion evidence does not clearly establish that listed impairment 112.05(D) is met or equaled in this case.  Although testing by Dr. Wallingford shows IQ scores in the 60-70 range, the opinions of four consultants who

reviewed the evidence concluded that plaintiff does not meet the definition for listed impairment 112.05. The evidence does not clearly establish that plaintiff met or equaled this listed impairment. It is not for the court to reweigh the evidence. On the facts of this case, to remand this case for further hearing on this issue would serve a useful purpose and would not be an exercise in futility.

Plaintiff next argues that the evidence establishes marked limitation in three domains: acquiring and using information, attending and completing tasks, and caring for himself. The ALJ found that plaintiff had a marked limitation in acquiring and using information, but had less than marked limitations in the other two domains.

The state agency medical consultants cited above also opined that plaintiff had a marked impairment in the domain of acquiring and using information, but that plaintiff had a less than marked limitation or no limitation in the other five domains (R. at 288-293, 326-331). Plaintiff does not cite to any medical opinion evidence that plaintiff had a marked limitation in one of the other domains.

Plaintiff does cite to a teacher questionnaire[1] completed by Bessie Jackson, plaintiff's teacher, in support of his argument

---

[1] The teacher questionnaires provide five rating categories: (1) no problem, (2) a slight problem, (3) an obvious problem, (4) a serious problem, and (5) a very serious problem (R. at 157-161).

that plaintiff had marked limitations in other domains (Doc. 9, at 2-3, 26, 29). Ms. Jackson, in the domain of attending and completing tasks, found that plaintiff had a slight problem in 2 categories in this domain, and an obvious problem in 8 categories in this domain (R. at 158). In the domain of caring for himself, Ms. Jackson found that plaintiff had no problem in one category, a slight problem in 2 categories, and an obvious problem in 6 categories (R. at 161).

A child will be considered to have a marked limitation in a domain "when the impairment(s) interferes **seriously** with the claimant's ability to independently initiate, sustain, or complete activities." The claimant's day-to-day functioning may be seriously limited when his/her impairment(s) limits only one activity or when the interactive and cumulative effects of his/her impairment(s) limit several activities. Marked limitation also means a limitation that is more than moderate but less than extreme. It is the equivalent of the functioning one would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. 20 C.F.R. § 416.926a(e)(2)(i) (2014 at 873, emphasis added). Ms. Jackson found that plaintiff did not have a serious problem in any of the categories in either domain.

The evidence in this case does not clearly establish that plaintiff's impairments functionally equal a listed impairment.

10

In fact, the opinion evidence on this issue indicates that plaintiff has only one marked impairment in the six domains.  On the facts of this case, to remand this case for further hearing on this issue would serve a useful purpose and would not be an exercise in futility.

IT IS THEREFORE ORDERED that defendant's motion to remand (Doc. 12-13) is granted.  The judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order and the motion to remand.  Furthermore, on remand, the Commissioner will review and address the issues raised by plaintiff in his brief regarding the ALJ's decision (Doc. 9).

Dated this 17th day of December 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge